IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA KAY DORROUGH                                                                          PLAINTIFF

vs.                                       Civil No. 2:17-cv-02077

NANCY BERRYHILL                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sandra Kay Dorrough ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on July 9, 2014. (Tr. 32). Plaintiff alleged she was disabled due to peripheral artery disease. (Tr. 261). Plaintiff alleged an onset date of June 1, 2014. (Tr. 32). This application was denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted. (Tr. 166).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff's administrative hearing was held on February 18, 2016. (Tr. 93-126). Plaintiff was present and was represented by counsel, David Rush, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Zachariah Langley testified at this hearing. *Id.* At the time of this hearing, Plaintiff was sixty (60) years old and had a high school education. (Tr. 97).

On April 13, 2016, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 32-40). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 34, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2014. (Tr. 34, Finding 2).

The ALJ determined Plaintiff had the severe impairments of peripheral artery disease. (Tr. 34, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 35, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 35-40). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work except she was limited to occasional climbing, balancing, crawling, kneeling, stooping, and crouching. (Tr. 35).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 40, Finding 6). The ALJ found Plaintiff was capable of performing her PRW as a billing clerk. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 1, 2014, through the date of the decision. (Tr. 40, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 25). *See*

2

20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On May 5, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming: (A) the new evidence provided to the Appeals Council would have changed the outcome of the ALJ's decision, and (B) the ALJ erred in assessing Plaintiff's RFC. ECF No. 14, Pgs. 4-7. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 1.

**A. New Medical Evidence**

Plaintiff argues if the ALJ had the additional medical evidence, which was submitted to the Appeals Council, then the ALJ's decision may have been different. ECF No. 14, Pgs 4-5. However,

4

Plaintiff's argument is without merit.

To begin with, Plaintiff submitted "new" evidence to the Appeals Council which consisted of medical records from Cardiology of North Central Arkansas dated June 6, 2014, through September 2, 2015. (Tr. 48-78). The Appeals Council found these records to be a copy of medical records which were contained in the record and the ALJ considered. (Tr. 2).

Plaintiff also argues medical evidence from Cardiology Associates of North Central Arkansas dated June 9, 2016 through October 10, 2016 might have made the outcome different had the ALJ had this medical for review. ECF No. 14, Pg. 6-7. However, this medical evidence concerned Plaintiff's condition after the ALJ's decision of April 13, 2016 and did not provide evidence of her condition prior to the ALJ's decision. Because the evidence shows Plaintiff's condition after the relevant time, the evidence is irrelevant to the current proceedings. *See Box v. Shalala*, 52 F.2d 168, 171 (8th Cir. 1995).

Finally, Plaintiff makes reference to a Doppler Study she had in February 2017 which indicated an occluded artery. Plaintiff also argues this medical evidence might have made the outcome different had the ALJ had this medical for review. However, this medical evidence reference by Plaintiff is not part of the record and even if it were, this medical evidence concerned Plaintiff's condition after the ALJ's decision and did not provide evidence of her condition prior to the ALJ's decision.

### **B. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence

in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work except she was limited to occasional climbing, balancing, crawling, kneeling, stooping, and crouching. (Tr. 35). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 14, Pgs. 6-7. However, substantial evidence supports the ALJ's RFC determination.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not referenced any specific limitations the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing his limitations. Plaintiff has the burden of demonstrating her alleged limitations. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000). Without more, the Court cannot find the ALJ erred in assessing her RFC. The mere fact Plaintiff suffers from a number of different impairments does not demonstrate she is disabled due to those impairments.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of

establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **9th day of April 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE